UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Lead Case No. 16-cv-01033-HSG<br><br>**ORDER DENYING PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS** |
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Related Case No. 16-cv-01035-HSG<br>Related Case No. 16-cv-01036-HSG<br><br>[Related Cases Have Identical Captions]<br><br>Re: Dkt. No. 7 (1035 Case and 1036 Case) |

Pro se Plaintiff Keyhan Mohanna ("Plaintiff") has filed three actions against two financial institutions regarding his mortgages on three condominiums: (1) *Mohanna v. Bank of America, N.A.*, No. 16-cv-1033-HSG ("1033 Case"); (2) *Mohanna v. Wells Fargo Bank, N.A.*, No. 16-cv-1035-HSG ("1035 Case"); and (3) *Mohanna v. Wells Fargo Bank, N.A.*, No. 16-cv-1036-HSG ("1036 Case"). In all three cases, Plaintiff seeks declaratory relief under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). The cases have all been related. Dkt. No. 6 (in all cases).

In the two actions against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), Plaintiff has filed two applications for a temporary restraining order and preliminary injunction, one of which is to enjoin an impending trustee's sale and the other of which is to enjoin enforcement of

an unlawful detainer action.[1]  Dkt. No. 7 (1035 Case) ("1035 Appl.") & Dkt. No. 7 (1036 Case) ("1036 Appl.").  In the 1035 Case, Wells Fargo has filed an opposition, Dkt. No. 16, and a request for judicial notice, Dkt. No. 17 ("RJN"), but has not filed an opposition in the 1036 Case.  Plaintiff has filed a reply, Dkt. No. 27, and an opposition to the request for judicial notice, Dkt. No. 25.

Plaintiff did not calendar or request a hearing for his applications and, under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this matter is suitable for disposition without oral argument.  The Court has carefully considered the parties' arguments in their written submissions.  For the reasons set forth below, the Court **DENIES** Plaintiff's application for a temporary restraining order and a preliminary injunction.

## I.   REQUEST FOR JUDICIAL NOTICE

The Court first considers Wells Fargo's request for judicial notice of publicly-recorded real estate instruments for the property at issue in the 1035 Case and Plaintiff's bankruptcy petition.

Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007, 2009 WL 656285, at **2-3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of various publicly-recorded real estate instruments and notices that directly related to the parties' transactional history and claims).  Similarly, filings in other courts are also the proper subject of judicial notice when directly related to the case, but not for the truth of the matters asserted therein.  *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted).

Plaintiff opposes Wells Fargo's requests because he claims that the deeds of trust on the properties at issue are void for reasons discussed below.  Plaintiff does not contest, however, that these are authentic documents.  For that reason, the Court takes judicial notice of the documents

---

[1] While Plaintiff has styled his application as "ex parte," a declaration filed in the 1036 Case states that advance notice of the filing was given to counsel for Wells Fargo, which was also served via ECF.  Dkt. No. 8.

1  only for the purpose of setting forth the factual background of the property at issue and not for its
2  current legal status or for the truth of the matters asserted therein.  Additionally, the Court takes
3  judicial notice of the court documents because there is no basis to question their authenticity.

## II. BACKGROUND

### A. Factual Allegations and Judicially-Noticed Facts

Plaintiff refinanced his mortgages on two condominiums located in the same apartment building in San Francisco with World Savings Bank, FSB ("WSB") on December 21, 2006, and February 13, 2007, respectively.  Dkt. No. 1 (1035 Case) ("1035 Compl.") at 7; Dkt. No. 1 (1036 Case) ("1036 Compl.") at 7; RJN, Ex. A (deed of trust for 1035 Case).  Plaintiff alleges that WSB was not the actual source of the funds he used to refinance his mortgages, but instead the funds came from an unknown "warehouse lender," a third party from which WSB borrowed on terms that also remain unknown to him.  1035 Compl. at 10-12; 1036 Compl. at 10-12.

Afterwards, Plaintiff alleges that WSB transferred, assigned, or otherwise sold his debts to a private trust called World Savings REMIC 28 Trust on December 28, 2006, and February 26, 2007, respectively.  1035 Compl. at 9; 1036 Compl. at 9.  Wells Fargo claims it was granted all beneficial ownership in these debts when it acquired Wachovia Mortgage, FSB ("Wachovia"), which apparently had previously purchased WSB and/or its assets.  Opp. at 2; 1035 Compl. at 4; 1036 Compl. at 5.  But Plaintiff alleges that Wells Fargo's acquisition of Wachovia, and therefore WSB's assets, did not occur until December 31, 2008, well after his debts were transferred to the private trust.  1035 Compl. at 9; 1036 Compl. at 9.  On that basis, Plaintiff alleges that Wells Fargo never acquired ownership of his debts.  1035 Compl. at 9-10; 1036 Compl. at 9-10.

In 2012, amidst news surrounding Wells Fargo's mortgage practices, Plaintiff decided to research and track the ownership of his debts on the mortgages.  As a result of that inquiry, on April 14, 2014, Plaintiff notified Wells Fargo that he was rescinding his mortgage on the property at issue in the 1036 Case on the grounds that WSB failed to disclose the "true lender" of the funds used to refinance, triggering a right of rescission under TILA.  1036 Compl. at 8 & Ex. C.  Despite that notice, Wells Fargo foreclosed on the property on September 25, 2014.  *Id.* at 9.

After Wells Fargo filed a notice of default regarding Plaintiff's property at issue in the

1035 case on December 8, 2014, Plaintiff submitted a materially identical notice of rescission on August 14, 2015. 1035 Compl., Ex. C; RJN, Ex. B. In response, Wells Fargo recorded a notice of trustee's sale on October 26, 2015. RJN, Ex. C. Wells Fargo claims that the sale was continued from November 16, 2015, to April 11, 2016. Opp. at 3. After Plaintiff filed for bankruptcy on April 11, 2016, the sale was again continued to May 18, 2016. RJN, Ex. D; Opp. at 3.

### B. Procedural History

On March 1, 2016, Plaintiff filed three actions against two financial institutions, two of which concern the impending foreclosure and unlawful detainer discussed above. On April 5, 2016, the magistrate judge initially assigned to the 1033 Case related all three actions. On April 7, 2016, Plaintiff filed the instant applications in the two actions against Wells Fargo. The actions were reassigned to this Court on April 18, 2016, after Plaintiff declined magistrate jurisdiction. Wells Fargo filed its opposition to the application in the 1035 Case on April 20, 2016. Plaintiff filed a reply on April 28, 2016, along with a response to the case relation order.

In his application in the 1035 Case, Plaintiff seeks a temporary restraining order and preliminary injunction enjoining the trustee's sale of the property at issue in that case, scheduled for May 18, 2016. 1035 Appl. at 3; Opp. at 3; *see also* RJN, Ex. D. Plaintiff asserts that preliminary relief is warranted because he properly rescinded his mortgage, but Wells Fargo failed to take possession of the property within 20 days, an omission which he claims automatically vested title in him under TILA. 1035 Appl. at 2-4. Wells Fargo does not contest Plaintiff's claim that he would be irreparably injured by the sale, but argues that he cannot show a likelihood of success on the merits because his rescission notice, even if warranted, was untimely. Opp. at 4.

In his application in the 1036 Case, Plaintiff seeks a temporary restraining order and preliminary injunction enjoining enforcement of a successful unlawful detainer action that Wells Fargo filed against him to end his possession of the property at issue in that case. 1036 Appl. at 3.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) permits courts to issue a temporary restraining order to enjoin conduct that would cause irreparable harm before a preliminary injunction can issue. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320 (N.D. Cal. 1995).

4

1    The standard for issuing a temporary restraining order is the same as for a preliminary injunction.

2    *Gonzales v. Wells Fargo Bank*, No. 5:12-cv-03842, 2012 WL 3627820, at *1 (N.D. Cal. Aug. 21,

3    2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

4    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

5    balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat.*

6    *Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the standards for both forms of

7    preliminary relief are the same, the Court proceeds to determine the propriety of both.

## IV.   DISCUSSION

Applying the factors set forth in *Winter v. Natural Resources Defense Council*, the Court finds that neither a temporary restraining order nor a preliminary injunction is appropriate in either of the Wells Fargo actions. Plaintiff's case largely turns on whether he timely rescinded his mortgages by sending Wells Fargo notices of rescission in April 2014 and August 2015. If Plaintiff did not timely rescind his mortgages, then Wells Fargo did not need to accept his alleged tender of his residence within 20 days on pain of title automatically vesting in Plaintiff.[2]

"Congress passed [TILA] to help consumers 'avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski v. Countrywide Home Loans, Inc.*, ─ U.S. ─, 135 S. Ct. 790, 791-92 (2015) (quoting 15 U.S.C. § 1601(a)). "[I]n the case of any consumer credit transaction . . . in which a security interest . . . is . . . acquired in any property which is used as the principal dwelling of the person to whom credit is extended," 15 U.S.C. 1635(a), TILA "grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements," *Jesinoski*, 135 S. Ct. at 792. To rescind a home-secured loan, a borrower must send the lender a written notice of rescission. 15 U.S.C. § 1635(a); 12 C.F.R. 226(a)(2); *Jesinoski*, 135 S. Ct. at 792 ("[R]escission is effected when the borrower notifies the creditor of his intention to rescind.").

Once a borrower has rescinded the loan, the lender must "return to the [borrower] any

---

[2] Plaintiff raises a subsidiary issue in both of the Wells Fargo actions about whether Wells Fargo actually owns Plaintiff's debt obligations. 1035 Compl. at 9; 1036 Compl. at 9, 23-24. Plaintiff does not brief this issue or seek relief on this basis in either of his applications. Accordingly, the Court does not now consider this claim.

money or property given as earnest money, downpayment, or otherwise . . . and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). "Upon the performance of the creditor's obligations . . . the [borrower] shall tender the property to the [lender], except that if return of the property in kind would be impracticable or inequitable, the [borrower] shall tender its reasonable value." *Id.* "If the [lender] does not take possession of the property within 20 days after tender by the [borrower], ownership of the property vests in the [borrower] without obligation on his part to pay for it." *Id.*

A borrower's right to seek rescission under TILA is subject to a three-year statute of repose. 15 U.S.C. § 1635(f). Any attempt to rescind more than three years after the date of the "consummation of the transaction" is absolutely time-barred. *Jesinoski*, 135 S. Ct. at 792; *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). "Consummation," within the meaning of TILA, "means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).[3] Because § 1635(f) is a statute of repose, it is not subject to tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329-30 (9th Cir. 2012), *abrogated on other grounds by Jesinoski*, 132 S. Ct. at 792;[4] *see also Sotanski v. HSBC Bank USA, Nat'l Assoc.*, No. 15-CV-01489, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015), *appeal filed*, No. 15-16798 (9th Cir. Sept. 10, 2015) (equitable tolling does not apply to § 1635(f)'s deadline).

In this case, Plaintiff did not serve his notices of rescission until nearly eight years after he executed his mortgage loans with WSB, well outside of § 1635(f)'s three-year deadline. *See* 1035

---

[3] State law controls whether and when a consumer has become contractually obligated under TILA. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). Under California law, which the parties agree is the controlling state law here, contractual obligation inheres when the parties are capable of consenting and there is consent, a lawful object, and a sufficient cause or consideration. *See* Cal. Civ. Code § 1550.

[4] *McOmie-Gray* held that a notice of rescission does not automatically rescind a transaction, and found that, unless conceded by the lender, rescission is only accomplished by an enforcement action. 667 F.3d at 1327 ("Rescission is not automatic upon a borrower's mere notice of rescission[.]"). *Jesinoski* abrogated *McOmie-Gray* on this point. *See* 132 S. Ct. at 792 ("The language [of 15 U.S.C. § 1635(a)] leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years."). However, *McOmie-Gray*'s conclusion that tolling is inapplicable to TILA's three-year deadline because it is a statute of repose remains good law post-*Jesinoski*. *See id.*

Compl. at 7 & Ex. C; 1036 Compl. at 7 & Ex. C.  In the face of this apparent untimeliness, Plaintiff alleges that both of transactions were never consummated as a matter of law, precluding the three-year deadline from counting down, because WSB (Wells Fargo's purported predecessor-in-interest) never disclosed that it was using a warehouse lender.  1035 Compl. at 10-15; 1036 Compl. at 9-15.  Plaintiff's argument is that there was no valid consent to the refinancing contract with WSB because WSB never disclosed that it was going to use a third-party lender to fulfill its contractual obligation.  In support of this argument, Plaintiff relies on *Jackson v. Grant*, 890 F.2d 118 (9th Cir. 1989), which held that a borrower holds a right of rescission under TILA where the name of the lender is left blank on mortgage loan documents.  The Ninth Circuit reasoned that because "[n]o one, including [the purported lender], had agreed to extend credit to [the TILA plaintiff]," "no loan transaction was consummated" within the meaning of TILA.  890 F.2d at 121.  Plaintiff thus argues that, under the reasoning of *Jackson*, the three-year deadline has not yet started to run.  Wells Fargo responds that courts have unanimously rejected Plaintiff's theory that the undisclosed use of a warehouse lender can preclude the consummation of a transaction under TILA.

The Court agrees with Wells Fargo:  Plaintiff has not shown that he is likely to succeed in his argument that his mortgage loan transaction with WSB was never consummated.  There are at least two fatal problems with Plaintiff's argument.  The first is that he has not attached the loan documents necessary for the Court to determine whether he agreed to permit WSB to use a third-party lender.  It is plausible that his loan agreement authorized WSB to delegate this obligation.  If Plaintiff executed a loan agreement that permitted WSB to use a third-party lender, there is no basis to challenge contract formation.  Because it is Plaintiff's burden to show with evidence that he has a likelihood of prevailing on the merits, the Court must deny his application on this basis alone:  the Court cannot determine whether Plaintiff consented to a third-party lending arrangement without the loan documents.

The second problem is that district courts have unanimously found that a lender's use of an undisclosed third party to complete a secured transaction is insufficient to preclude consummation under TILA.  *See, e.g.*, *Sotanski*, 2015 WL 4760506, at *6 (holding that a lender's use of a third-

party lender does not preclude contract formation); *Ramos v. U.S. Bank*, No. 12-CV-1820, 2012 WL 4062499, at *1 n.1 (S.D. Cal. Sept. 14, 2012) (where loan paperwork "plainly identified" a lender, "the loan was consummated regardless" of who the "true lender" was); *Mbaku v. Bank of Am., N.A.*, No. 12-CV-00190, 2013 WL 425981, at *5 (D. Colo. Feb. 1, 2013) (because the "deed of trust identifies [] the lender[,]" "plaintiffs were obligated on their mortgage to [that lender]" without regard to any third party involvement).  The Court finds this line of authority persuasive, and agrees that the reasoning of these cases is dispositive at this stage.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's applications for a temporary restraining order and a preliminary injunction in the Wells Fargo actions.

**IT IS SO ORDERED.**

Dated:  May 2, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge