UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 16-cv-01033-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 17 |

Pending before the Court is Pro Se Plaintiff Keyhan Mohanna's ("Plaintiff") motion for default judgment against Defendant Bank of America, N.A. ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2) ("FRCP"). Dkt. No. 17. This motion arises from Plaintiff's suit alleging Defendant's violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. Dkt. No. 1 ("Compl."). Defendant has not appeared in this case, nor has it responded to Plaintiff's motion. Pursuant to FRCP 55(a), the clerk entered default as to Defendant on May 6, 2016. Dkt. No. 16. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for default judgment.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff alleges that on May 23, 2005 and June 24, 2005, he refinanced his single family residence located at 1405 Greenwich Street, Apt. #5, San Francisco, CA 94109 ("Subject Property") with a consumer loan from Countrywide Bank, N.A ("Countrywide").[1] Compl. at 7. Along with the loan, Countrywide also took a security interest in the Subject Property in the form of a deed of trust. *Id*. On July 1, 2008, Defendant acquired Countrywide, and succeeded to its

---

[1] In his complaint, Plaintiff cites both May 23, 2005 and June 24, 2005 as the date he entered into the relevant loan transaction. However, in his motion for default judgment Plaintiff cites only the May 23, 2005 date. *Compare* Dkt. No. 1 at 7, *with* Dkt. No. 17 at 3. The reason for this inconsistency is unclear.

interests. *Id*. at 4.

In 2012, after hearing news regarding the financial mortgage crisis, Plaintiff decided to investigate the ownership of his debt. Compl. at 8. Based on information he received from Defendant and a forensic loan auditor he hired, Plaintiff learned that his debt had been transferred, assigned, or otherwise sold to a private securitized trust known as the ARLP Securitization Trust 2014-1. *Id*. at 8-9. Plaintiff alleges that, based on his research, Countrywide was not the true provider of funds for the loan transaction. *Id*. at 11. Instead, Plaintiff alleges that the funds came from an unknown "warehouse lender," a third party from which Countrywide borrowed on terms that also remain unknown to him. *Id*. at 11-12. Plaintiff alleges that because Defendant failed to disclose the identity of the true provider of the funds, he is entitled to exercise his right to rescind the entire loan transaction under TILA. *See id.* at 13.

Accordingly, on August 15, 2015, Plaintiff sent a Notice of Rescission to his financial servicer, BSI Financial Services, to cancel his debt obligation. Compl. at 9. Defendant has not challenged Plaintiff's Notice of Rescission. *Id*. at 7. Plaintiff contends that because Defendant failed to challenge the Notice within the 20 days provided by TILA, Defendant's interest in the Subject Property is void. *Id*. at 18; 15 U.S.C. § 1635(b).

### B. Procedural History

On March 1, 2016, Plaintiff filed three related actions against two financial institutions: (1) *Mohanna v. Bank of Am., N.A.*, No. 16-cv-1033-HSG (the "present action"); (2) *Mohanna v. Wells Fargo Bank, N.A.*, No. 16-cv-1035-HSG (the "1035 Action"); and (3) *Mohanna v. Wells Fargo Bank, N.A.*, No. 16-cv-1036-HSG (the "1036 Action"). On December 12, 2016, Plaintiff voluntarily dismissed the 1035 and 1036 Actions. *See* Dkt. No. 46 in the 1035 Action; Dkt. No. 41 in the 1036 Action.

Defendant in the present action was served on March 18, 2016, though Defendant has not made an appearance. *See* Dkt. No. 13. Plaintiff seeks to enforce his alleged right of rescission under TILA, and requests declaratory relief to void Defendant's interest in the Subject Property and vest that interest in himself. Compl. at 2, 25. Plaintiff moved for entry of default on May 2, 2016, and the Clerk of Court entered default on May 6, 2016. *See* Dkt. Nos. 15, 16. Plaintiff filed

the present motion, to which Defendant has not responded, on June 9, 2016. *See* Dkt. No. 17.[2]

## II. LEGAL STANDARD

When a party has failed to plead or defend against a complaint, the clerk "must enter the party's default." Fed. R. Civ. P. 55(a). Following an entry of default, the Court may enter a default judgment upon request. Fed. R. Civ. P. 55(b)(2). However, the Court's decision to enter a default judgment is "discretionary." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When default has been entered, the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

In assessing a request for default judgment, the Court must first confirm proper jurisdiction and service of process. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Upon determination of jurisdiction, the Court then evaluates the merits of the default judgment request based on seven factors (the "*Eitel* factors"): (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. ANALYSIS

### A. Jurisdiction and Service of Process

In considering an entry of default judgment, a district court has an "affirmative duty" to examine its jurisdiction over "both the subject matter and the parties." *In re Tuli*, 172 F.3d at 712. A court must also assess whether there was proper service of process on the defendant. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010).

#### i. Subject Matter Jurisdiction

Federal district courts have original jurisdiction over all civil actions "arising under the

---

[2] Plaintiff also filed a request for judicial notice regarding the following published judicial opinions: *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015); *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003); and *Yvanova v. New Century Mortg. Corp.* 62 Cal. 4th 919 (2016). Dkt. No. 18. The Court need not take "judicial notice" of relevant case law.

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Because this is a civil action alleging a violation of TILA, a federal statute, subject matter jurisdiction is proper.  15 U.S.C § 1601.

### ii. Personal Jurisdiction

While Plaintiff has not affirmatively asserted that personal jurisdiction is proper, the Court nevertheless undertakes such an inquiry.  *See* Compl. at 2; *In re Tuli*, 172 F.3d at 712 (holding that "when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction").  Defendant is a national banking institution licensed to do business in the State of California.  *See* Compl. at 4.  By acquiring an interest in the Subject Property from which this action arises and which is located in California, Defendant has purposefully availed itself of the privilege of conducting activities in California.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *see also Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1262-63 (N.D. Cal. 2015) (finding personal jurisdiction proper where defendant purchased property located in California and executed subsequent transfers of the property).  The Court's exercise of personal jurisdiction in this case is thus reasonable, since it will provide convenient and effective relief for Plaintiff, California has an interest in resolving disputes over California properties, it will lead to the efficient resolution of the suit, and Defendant—having never appeared—has failed to demonstrate why Plaintiff's minimum contacts with the state "render jurisdiction unreasonable." *See Lake v. Lake*, 817 F.2d 1416, 1421-22 (9th Cir. 1987).

### iii. Service of Process

Finally, the Court must also determine if service of process was proper.  *Craigslist*, 694 F. Supp. 1039 at 1054.  A plaintiff may serve a corporation, partnership, or association by delivering a copy of the summons and complaint to an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).  Here, it appears that Plaintiff properly served Defendant by delivering a copy of the summons and complaint to the designated agent for service of process, C T Corporation System, on March 18th, 2016.[3]  Dkt. No. 13.  Service of process was

---

[3] The website for the California Secretary of State indicates that C T Corporation System is the designated agent for service of process for Bank of America Corporation.  *See*

4

therefore sufficient.

### B. The *Eitel* Factors

Having found that jurisdiction and service of process are both proper, the Court turns to the application of the *Eitel* factors.

#### i. Possibility of Prejudice to Plaintiff

First, the Court must consider the possibility of prejudice to Plaintiff. *Eitel*, 782 F.2d at 1471. A plaintiff may be prejudiced when, in the absence of a default judgment, plaintiff would be left with no "other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Courts have found such prejudice when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief. *See*, *e.g.*, *id*; *Fulton v. Bank of Am., N.A.*, No. 2:16-cv-04870, 2016 WL 7156440, at *3 (C.D. Cal. Dec. 6, 2016). Because Defendant has failed to respond to this suit, Plaintiff would potentially suffer prejudice if the Court were to deny his motion for default judgment, as he would be without other means of recovery. *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor thus weighs in favor of granting the motion for default judgment.

#### ii. Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

The second and third *Eitel* factors consider the merits and sufficiency of Plaintiff's claim. *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-cv-01189, 2012 WL 2236752, at *6 (N.D. Cal. June 15, 2012). These two factors are often analyzed together, and require the Court to consider whether Plaintiff has "state[d] a claim on which [he] may recover." *Id.*; *see also PepsiCo*, 238 F. Supp. 2d at 1175. With the exception of facts relating to damages, courts must take as true all other factual allegations pled in the complaint. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Of all the *Eitel* factors, courts often consider the second and third factors to be "the most important." *Sanrio, Inc. v. Jay Yoon*, No. 5:10-cv-05930, 2012 WL 620451, at *4 (N.D. Cal. Feb. 24, 2012); *see also Fulton*, 2016 WL 7156440, at *5 (citing *Fed. Nat'l Mortg. Ass'n v. George*, No. 5:14-cv-1679, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015)).

---

https://businesssearch.sos.ca.gov/ (Search "Bank of America"; then follow link for "Bank of America Corporation" with "Active" status) (last visited Mar. 7, 2017)

The Truth in Lending Act gives borrowers the unconditional right to rescind a loan "until the midnight of the third business day following the consummation of the transaction or the delivery of [disclosure forms required]. . . . whichever is later." 15 U.S.C. 1635(a); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). After this three-day window, borrowers may rescind "only if the lender failed to satisfy [TILA's] disclosure requirement." *Jesinoski*, 135 S. Ct. at 792. However, even if the lender failed to make required disclosures, the "conditional right does not last forever." *Id*. Instead, it expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id*. (quoting 15 U.S.C. § 1635(f)). Within the meaning of TILA, "consummation" "means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).[4] Accordingly, a borrower's right to seek rescission under TILA is subject to a three-year statute of repose. 15 U.S.C. § 1635(f); *Mohanna v. Bank of Am., N.A.*, No. 16-CV-1033, 2016 WL 1729996, at *4 (N.D. Cal. May 2, 2016); *see also Ramos v. U.S. Bank*, No. 12-CV-1820, 2012 WL 4062499, at *1 (S.D. Cal. Sept. 19, 2012). Any attempt by the borrower to rescind more than three years after the date of "consummation of the transaction" is absolutely time-barred. *Jesinoski*, 135 S. Ct. at 792; *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "[section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); *Mohanna*, 2016 WL 1729996 at *4. In addition, because § 1635(f) is a statute of repose, it is not subject to tolling. *Mohanna*, 2016 WL 1729996 at *4 (citing *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329-30 (9th Cir. 2012), *abrogated on other grounds by Jesinoski*, 135 S. Ct. at 792); *see also Ramos*, 2012 WL 4062499, at *1 (finding that TILA three-year statute of repose is "an absolute bar . . . to which equitable tolling is unavailable"); *Sotanski v. HSBC Bank USA, Nat'l Assoc.*, No. 15-CV-01489, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015) (finding that equitable tolling does not apply to § 1635(f)'s deadline), *aff'd*, No. 15-16798, 2016 WL 7407292, at *1 (9th Cir. 2016).

---

[4] State law controls whether and when a consumer has become contractually obligated under TILA. *See Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). Under California law, contractual obligation inheres when (1) the parties are capable of consenting, (2) there is consent, (3) there is a lawful object, and (4) there is sufficient cause or consideration. *See* Cal. Civ. Code § 1550.

Plaintiff's claim is time-barred. Plaintiff sent his notice of rescission on August 15, 2015, more than ten years after he executed his mortgage loan with Defendant. *See* Compl. at 6-7 & Ex. C. Even assuming that Plaintiff's loan transaction with Defendant was consummated on the later of his two proffered dates—June 24, 2005—his right to rescind expired on June 24, 2008 at the latest. *See* Compl. at 7; *Beach*, 523 U.S. at 412.

In defense of his untimeliness, Plaintiff contends that his claims are not barred by the three-year statute of repose because "material facts were never disclosed to [him]." Compl. at 13. Specifically, Plaintiff argues that because Defendant failed to disclose the identity of the "third party warehouse lender" who was the true provider of funds, he could not assent to the formation of the loan contract such that no contract was ever formed, and there was thus no consummation of the loan transaction. *Id*. at 12, 16. Plaintiff therefore alleges that the three-year deadline has not started to run. *Id*. at 16. This argument is unpersuasive. Courts, including this Court, have found that a lender's use of an undisclosed third party lender does not preclude consummation under TILA. *Mohanna*, 2016 WL 1729996 at *5; *see also, e.g.*, *Sotanski*, 2015 WL 4760506, at *6 (holding that a lender's use of a third-party lender does not preclude contract formation); *Ramos*, 2012 WL 4062499, at *1 n.1 (where loan paperwork "plainly identified" a lender, "the loan was consummated regardless" of who was the "true lender"); *Mbaku v. Bank of Am.*, *N.A.*, No. 12-CV-00190, 2013 WL 425981, at *5 (D. Colo. Feb. 1, 2013) (because the "deed of trust identifies [] the lender[,]" "plaintiffs were obligated on their mortgage to [that lender]" without regard to any third party involvement).

Because Plaintiff's right to rescind expired in 2008, his claims are time-barred. The second and third *Eitel* factors thus weigh heavily against granting Plaintiff's motion.

### iii. The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to weigh the "amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. When the money at stake in the litigation is "substantial or unreasonable," default judgment is discouraged. *Chanel, Inc. v. Gupton*, No. C 14-03405, 2015 WL 1094849, at *6 (N.D. Cal. Mar. 2, 2015) (citation omitted). However, district courts are divided as to whether this factor weighs for or

against granting default judgment where, as here, the relief sought is nonmonetary and relates only to interest in real property. *Compare Phelan v. Mecom Equip., LLC.*, No. 2:10-cv-1651, 2013 WL 1313960, at *8 (E.D. Cal. Apr. 1, 2013) (finding that this factor favors entry of default judgment where a plaintiff seeks only quiet title rather than monetary damages), *with Fulton*, 2016 WL 7156440, at *4 (finding that this factor weighs against a default judgment, because a plaintiff's claim to vest property title in himself "places at stake the value of the [s]ubject [p]roperty"); s*ee also Wells Fargo Bank, N.A. v. United States*, No. 2:10-cv-1546, 2013 WL 2551518, *3 (D. Nev. Jun. 10, 2013) (finding that this factor weighs "neither in favor nor against granting default judgment" where the property was secured with a loan but a plaintiff seeks equitable relief). The Court therefore finds this factor neutral.

### iv. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the "possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Where a plaintiff fails to adequately plead a legal claim, this factor "is either neutral or disfavors default [judgment]." *Fulton*, 2016 WL 7156440, at *5 (citing *Stuckey v. Lucas*, No. 3:11-cv-05196, 2012 WL 5948959, at *4 (N.D. Cal. Sept. 12, 2012)). Because Plaintiff here has not pled a legally viable claim, this factor weighs against entry of default judgment.

### v. Default Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Courts have found that where defendants were "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, Plaintiff served Defendant's agent for service of process with the summons and complaint on March 18, 2016. *See* Dkt. No. 13. Plaintiff also served Defendant's agent by mail with his request for entry of default and motion for default judgment on April 27, 2016 and June 9, 2016, respectively. *See* Dkt. Nos. 15, 17. Defendant has made no appearance in this case and has not responded to Plaintiff's complaint or motion. As there is no evidence that Defendant's failure to

appear is due to excusable neglect, this factor weighs in favor of granting default judgment.

### vi. Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor emphasizes that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F. 2d at 1472. While this preference does not preclude a court from granting default judgment, *see PepsiCo*, 238 F. Supp. 2d at 1177, the general rule is that "default judgments are ordinarily disfavored." *Eitel*, 782 F. 2d at 1472. This factor thus weighs against granting default judgment.

## IV. CONCLUSION

After careful consideration of the *Eitel* factors, the Court finds that an entry of default judgment would be inappropriate. Although the first and sixth factors weigh in favor of Plaintiff's request, the remaining factors are all either neutral or weigh against default judgment. Given the emphasis courts must place on the second and third factors, the Court finds that the untimeliness of this action weighs heavily against granting default judgment. The Court therefore **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: 3/14/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge